IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

VINCENT PAUL CRUZ TOPASNA
(*aka* VINCENT CRUZ TOPASNA)
(*aka* VINCENT PAUL TOPASNA)
(*aka* VINCE)
(*aka* BEN),
DOB: 01/23/1975

Defendant.

Criminal Case No. CF0189-22
GPD Report No. 22-08486

DECISION AND ORDER
GRANTING
THE PEOPLE'S MOTION
TO REVOKE PROBATION

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 7, 2024, for a Revocation Hearing in the above-captioned matter related to Vincent Paul Cruz Topasna's (*aka* Vincent Cruz Topasna's) (*aka* Vincent Paul Topasna's) (*aka* Vince's) (*aka* Ben's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On August 15, 2022, Defendant entered a plea of guilty to Family Violence (as a 3rd Degree Felony) and Family Violence (as a Misdemeanor). See Judgment of Conviction (Sep. 13, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

Decision and Order Revoking Defendant's Probation
CF0189-22, *People of Guam v. Vincent Paul Cruz Topasna*
Page 1 of 5

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **COMMUNITY SERVICE:** Defendant shall complete **one hundred fifty (150) hours** of **community service** under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **FINE:** Defendant shall pay a **fine** of **two thousand dollars ($2,000.00)** plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

Id.

On December 27, 2022, a Violation Report was filed indicating that Defendant had violated several terms of his probation. See First Violation Report (Dec. 27, 2022). It was made known that Defendant hadn't reported to the Probation Office in several months, failed to attend his intake/assessment at CSFC, failed to perform any community service hours, and failed to make any payments towards his fine and court costs. Id.

On January 4, 2023, this matter was on for Further Proceedings and Defendant failed to attend the hearing, despite being summonsed to appear. See Minute Entry (Jan. 4, 2023); Summons (Nov. 18, 2022).

On February 15, 2024, the People filed their Motion to Revoke Defendant's Probation ("Motion"). The People base their request on Defendant's non-compliance with numerous

Decision and Order Revoking Defendant's Probation
CF0189-22, *People of Guam v. Vincent Paul Cruz Topasna*
Page 2 of 5

probation conditions. See Motion (Feb. 15, 2024). Opposing the Motion, Defendant claims he still has time to complete the terms of his probation if given another chance. See Opposition to Motion (Mar. 11, 2024).

On June 7, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (June 7, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and

Decision and Order Revoking Defendant's Probation
CF0189-22, *People of Guam v. Vincent Paul Cruz Topasna*
Page 3 of 5

to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has failed to report to the Probation Office for several months, failed to attend scheduled court hearings, failed to complete his initial intake/assessment at CSFC, and failed to make any progress paying off his fine and courts costs, or completing his community service hours.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Several of these violations occurred almost immediately upon entering probation. For example, Defendant stopped reporting to the Probation Office within the first month of his plea and never even attended his initial intake/assessment at CSFC. Defendant also has a complete lack of progress in paying off his fines or working off his community service hours. This suggests Defendant never intended on completing his probation conditions from the start.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

Decision and Order Revoking Defendant's Probation
CF0189-22, *People of Guam v. Vincent Paul Cruz Topasna*
Page 4 of 5

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

**IT IS SO ORDERED** this <u>August 12, 2024</u>.



<u>HONORABLE ALBERTO C. LAMORENA III</u>
**Presiding Judge, Superior Court of Guam**

Decision and Order Revoking Defendant's Probation
CF0189-22, *People of Guam v. Vincent Paul Cruz Topasna*
Page 5 of 5